IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEPHEN A. HORNE, #198455, § § § | |
| Plaintiff, § § | |
| v. § | Case No. 6:24-cv-289-JDK-KNM |
| § § | |
| NURSE V. AVILA, et al., § § § | |
| Defendants. § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stephen Horne, a Smith County Jail inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On October 15, 2024, the Magistrate Judge entered a Report and Recommendation that this action be dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). Docket No. 9. The Plaintiff filed a document titled "objection," in which he asserted that he needed additional time to consult with an attorney retained by his family and to gather relevant evidence in support of his claims. Docket No. 10. The Court construed this submission as a motion for extension of time to object and granted Plaintiff an additional thirty days from its Order entered October 30, 2024. Docket No. 11. Plaintiff has taken no further action in this case since that date, and his

extended window to object has expired. Out of an abundance of caution, the Court will consider his previous "objection" in reviewing the Magistrate Judge's Report.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410, n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the

original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge recommended dismissal of Plaintiff's claims because his amended complaint and the documents incorporated into it firmly establish that Plaintiff received treatment for his injuries and merely quibbles over the extent and efficacy of the treatment. Docket No. 9 at 7–8. The Magistrate Judge further explained that Plaintiff fails to state any viable claim arising from the temporary effects of being pepper sprayed. *Id.* at 8–9. Plaintiff does not identify any error in the findings and conclusions in the Report. He argues that the Court "should and must" consider evidence he is presently unable to offer in support of his allegations (Docket No. 10 at 2), but no evidentiary hearing is necessary where, as here, Plaintiff's allegations have been presumed to be true and simply fail as a matter of law. *See* Docket No. 9 at 4–6 (explaining legal standards applied at screening stage).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 9) as the opinion of the District Court. Plaintiff's objections are **OVERRULED**, and his claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Any pending motions are **DENIED** as moot.

**So ordered and signed on this**

**Dec 10, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE